Opinion of the Court.
TODD filed his original bill against Clay, Laughlin’s heirs, &c. in which he sets up claim to the land which is the subject of controversy, under an entry of 1,200 acres, in the name of John Payne. He alleges, that the entry has been surveyed according to law and *271 location, and that a patent has issued therefor, and deduces a title to himself, derived from the patentees. He charges, that the defendants hold under elder patents, founded on vague entries, and calls upon them to exhibit their titles, and prays for relief.
Where the original bill does not contain matter which would entitle the complainant to relief, no bill of review will lie, for errors apparent in the record, however manifest such errors may be.
A bill filed for the purpose of obtaining relief in an entry for land, against an elder patent, must allege, in some intelligible language, the existence and notoriety of the objects called for in such entry.
*271 Clay answered, and exhibited a patent junior than that under which Todd derived title, and insisted that the remedy against him was at law, and not in equity.
The process was served upon some of the other defendants, and not upon others, and none of them appeared or answered. In this state of the case, the cause came on to be heard, and “it appearing to the court, (as the record states,) that the patent under which the complainant claims title to the land in controversy, is of an elder date than that under which the defendants claim, it is decreed, that the complainant’s bill be dismissed with costs.”
At a subsequent term of the court, Todd filed his bill of review, stating the former proceedings and decree, and praying for a review and reversal thereof, for the errors apparent upon the face of it, except as to Clay. On a demurrer to this bill, the circuit court decreed it to be dismissed, and from that decree Todd has appealed to this court.
It is very obvious, that the decree dismissing the original bill was predicated upon a mistake, in supposing that the patent under which the complainant claims was elder than that of the other defendants, as well as that of Clay. The other defendants not having answered and exhibited their titles, it could not have appeared of what date their patents were, and it was certainly quite irregular, to hear the cause as to those who had not been served with process. But, irregular as it was, to have heard the cause, and erroneous as was the supposition upon which the decree was predicated; still, if, as is contended on the part of the defendant, the original bill does not contain matter which would entitle the complainant to relief in equity, the bill of review cannot be sustained ; and that the original bill does not contain such matter, we think, is clear.
2. The equity of the complainant can only be sustained upon the ground that the entry under which he claims is a valid one; and the existence and notoriety of the objects called for by the entry at its date, are *272 essential to its validity. But neither the existence nor the notoriety of the objects called for, is alleged in the bill. These facts may, no doubt, be alleged in any intelligible language, without regard to technical form or precision. An allegation from which they might be implied, would be deemed sufficient; but, in this case, there is no such allegation. It is not even alleged that the entry is valid, or that it is special and precision, nor is there any other allegation equivalent thereto.
Decree affirmed.